UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN TALBERT WILLIAMS,

                  Plaintiff,

         -against-

UNITED STATES OF AMERICA
(DEPARTMENT OF TREASURY), *et al.*,

                  Defendants.

19-CV-11547 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his federal constitutional and statutory rights. By order dated January 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint and directs Plaintiff, within 30 days, to show cause why the Court should not bar him under 28 U.S.C. § 1651 from filing any new actions in this Court IFP without first receiving permission from the Court.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Steven Talbert Williams is the "sole beneficiary" to the estate of his deceased mother, Linda Paula Streger Williams. (ECF No. 2, at 11.) He has previously filed actions related to his eviction from his late mother's apartment, administration of her estate, and other unrelated matters that the Court has dismissed as frivolous or for failure to state a claim on which relief may be granted. *See Williams v. United States*, ECF 1:18-CV-12064, 4 (S.D.N.Y. Dec. 26, 2018) (dismissing Plaintiff's complaint as frivolous and warning Plaintiff against filing further duplicative or frivolous litigation), *aff'd*, No. 19-0039 (2d Cir. May 16, 2019); *Williams v. United States*, ECF 1:15-CV-5114, 18 (S.D.N.Y. Dec. 10, 2015) (dismissing Plaintiff's 261-page amended complaint after finding the original complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure), *aff'd*, No. 16-189 (2d Cir. May 18, 2016).

Plaintiff now brings this action regarding:

an alleged conspired antitrust, economic espionage scheme, via the corruption of enterprises, within and without government agencies of the UNITED STATES (namely sanctions sought against the I.R.S. and S.S.A. See Exhibit 7); violating

2

> PLAINTIFFs' constitutional rights as the claimed 'sole beneficiary' to the LINDA WILLIAMS BENEFICIAL TRUST (Exhibit 1) and as the beneficiary to a rent stabilized real property without the estate of LINDA PAULA STREGER WILLIAMS."

(ECF No. 2, at 16 (citations omitted)).

The following allegations are taken from the complaint, which is 677 pages long, including exhibits. Plaintiff asserts that Defendants have engaged in an alleged conspiracy that has prevented him from:

> the acquisition of securitized beneficial assets of the LINDA WILLIAMS BENEFICIAL TRUST, confirmed in an *Federal Deposit Insurance Corporation* ("F.D.I.C.") email as having "***a certificate of ownership of an investment*** [from] ***1987 with Microsoft Corporation"*** [emphasis added] (App. A Ex. 10; **a financial trade secret, 5 U.S.C. §§ 552(b)(4), 552a)**, containing an *Individual Retirement Account* ("IRA," Exhibit 2) during the final years of **DECEDENTs**' life;

and from:

> retaining beneficial rights to rent stabilized succession (9 NYCRR §2522.8) for **DECEDENTs**' dwelling unit within *Peter Cooper Village/Stuyvesant Town* ("PCV/ST"), through a claimed unconstitutional eviction (form [sic] 449 E. 14th St., Apt. 7d, "Building 449," despite having a renter's insurance policy from *State Farm Life Insur. Co., "State Farm Fire & Casualty Co*." Exhibit 4), where the claimed illegal fiduciary acquisition of DECENDENTs' IRA (by the controlling entities of **PERSHING (B.N.Y., UBS**, and **FMR** (from **CORRESPONDENT SERVICES CORPORATION**); formed from *Kirlin Securities, Inc.* of Syosset, NY (Exhibit 5), transferred to **PERSHING** and **UBS/PaineWebber** (Ex. 2.4, 2.5), and split into the above controlling entities) allegedly incurred the claims illegal advertising and trading of securitized assets within the world financial markets, whereby, upon PLAINTIFFs' investigation, through alleged "dark pool" trading, the *Assets Under Management* ("AUM") of UBS were utilized within the *Initial Public Offering* ("IPO," Exhibit 6) of P.S.H. to "bail out" the defaulted senior mortgage of PCV/ST's **TRUST2007-C30** (and tranches) in the year 2008 (via a *Deed-In-Lieu*, "DIL," of foreclosure, U.C.C. Art. 9, auction; the final years of the U.S. housing crisis of 2000-2010), allegedly leading to a prior attempt to evict **DECEDENT**, as such attempt was in coordination with an alternate claimed scheme to evict rent stabilized and elderly tenants (see FACT SHEET #36, Appendix B) in order to maliciously raise rental prices to market-rate value, thereby eliminating the owners['] need for tax exempt benefits and, further, convert the PCV/ST community into co-op's or condominiums.

(*Id.* at 16.)

3

Plaintiff sues Avrom R. Vann, his late mother's attorney, asserting that:

> sanctions are sought (under State Immunity of U.S. Const. Am. 11, as a third-party contract entity of the U.S. Department of Justice, Judicial Conference and the *New York State Bar Association.* Fed. R. Civ. P. 11(c), 37), where PLAINTIFF seeks MR. VANN's disbarment (*IN RE ADDAMS*, 579 A.2d 190 (D.C. 1990 (en banc)) for claims (under: U.S. Const. Am. 1, 4, 5, 8, 10, 14 §1; DR §9-102; E.P.T.L §§11-1.1(b)(10), 11-1.8(a), 11-2.1(g), 11-2.3 (*Prudent Investor Act*), Art. 11-A (namely §§ 11-A-4.2, 11-A-4.3, 11-A-4.7, 11-A-4.14, 11-A Part 5), 11-4.7(c) & (d), 13 Part 1) of allegedly depriving PLAINTIFF from acquiring the issuance of assets from the LINDA WILLIAMS BENEFICIAL TRUST, upon reaching his custodial age of "*thirt[y]*" (Ex. 3, *Id.* at 3.2), for a ten month period, prior to releasing the testamentary instrument of the trust to DECEDENTs' husband (evidenced within PART III.D.4, *Id.* at ¶81).

(*Id.* at 24.)

Other allegations asserted by Plaintiff include:

> aiding and abetting, as an accessory (18 U.S.C. §§2, 3, 241, 371), of antitrust (as a corporate official for various claims. 15 U.S.C. §2), racketeering (18 U.S.C. §1961, et seq.), economic espionage (18 U.S.C. § 1831, et seq.), corruption of enterprises (PEN Art. 460; 18 U.S.C. §§ 1962(c), (d), 1964(4)) and subversion claims (under U.S. Const. Am. 13 § 1);

and

> treasonous and rebellious strike against the U.S. Government (under U.S. Const. Art. 3 § 3, U.S. Const. Am. 14 § 4 and 5 U.S.C. § 7311(1), (3), (4)); enforced through administrative qui tam proceedings, as separate trials.

(*Id.* at 23.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

4

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### ORDER TO SHOW CAUSE

Plaintiff has filed two other cases that the Court dismissed as frivolous or for failure to state a claim. *See Williams*, ECF 1:18-CV-12064, 4 (S.D.N.Y. Dec. 26, 2018), *aff'd*, No. 19-0039 (2d Cir. May 16, 2019); *Williams*, ECF 1:15-CV-5114, 18 (S.D.N.Y. Dec. 10, 2015); *aff'd*, No. 16-189 (2d Cir. May 18, 2016).

In 2015, then-Chief Judge Loretta A. Preska granted Plaintiff leave to amend his initial complaint because it was unintelligible and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. *Williams*, ECF 1:15-CV-5114, 10. Plaintiff filed an amended complaint, which the court described as "hundreds of pages long" and as including "scores of new Defendants" who were located across several states. *Williams*, ECF 1:15-CV-5114, 18. The court dismissed the amended complaint, and the Second Circuit Court of Appeals affirmed, dismissing the appeal because "'it lacks an arguable basis either in law or in fact.'" *Williams,* No. 16-0189 (2d Cir. May 18, 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In 2018, Plaintiff filed another action relating to his eviction and his late mother. In that action, Plaintiff asserted a wide range of claims and included a "supplemental filing" that named another 169 defendants. *Williams*, ECF 1:18-CV-12064, 2, at 11. Judge Louis L. Stanton dismissed that action as frivolous and warned Plaintiff that further duplicative or frivolous litigation in this Court may result in him being barred from filing new actions IFP in this Court without prior permission under 28 U.S.C. § 1651. *Williams*, ECF 1:18-CV-12064, 4. The Second Circuit again dismissed Plaintiff's appeal as lacking "an arguable basis in either law or in fact." *Williams*, No. 19-0039 (2d Cir. May 16, 2019).

5

This action is not a departure from Plaintiff's pattern of filing duplicative and frivolous documents. Each day since filing the 677-page complaint in this action, Plaintiff has delivered several hundreds of pages of additional documents to the Court's Pro Se Intake Unit for filing.[1] In an order dated January 14, 2020, the Court determined that it would be an undue burden for the Clerk's Office to be required to scan and docket Plaintiff's lengthy filings, and directed Plaintiff to limit any future filings in this action to ten pages unless he first receives leave from the Court to exceed that limit. (ECF No. 25.)

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

---

[1] Documents submitted by Plaintiff that have been docketed include a "letter rogatory to perpetuate testimony from Pershing Square Holdings Group, LLC (Guernsey)" (ECF No. 8); a notice of motion for "preliminary summary judgment for this action and for the trial of 18cv12064 (LLS) (SDNY) (due to such trial dismissed upon same grounds as would grant this matter a trial before jury after discovery)" (ECF No. 14); and a notice of motion "for a continuance, en banc, in favor of an extension of time to prepare, accumulate evidence, partake in administrative and/or other pretrial hearings, as well as coordinate with federal and local Government agencies associated to the revision of laws and a verified injunction ruling in favor of sanctions" (ECF No. 16).

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[2]

The Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Clerk of Court is directed to terminate all pending motions in this action.

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court reminds Plaintiff that the declaration must be limited to ten pages unless he first receives permission from the Court to exceed that limit.

The Clerk of Court will not be required to scan and docket any documents that exceed that page limit. Instead, the Clerk will note receipt of those documents, along with the fact that the ten-page limit was exceeded, on the docket and place the documents in the court file.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 4.)

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                                            :

                                                                                            :          AFFIRMATION
                                                                                            :      UNDER 28 U.S.C. § 1651
             Plaintiff,                          :
                                                 :    _____ Civ. _____ (   )

  -against-                                        :

                                                                                           :

            Defendant(s).               :
---------------------------------------------------------------X

     I, _____, make the following Affirmation under the penalties
              [state your name]
of perjury:

     I am a party in this action and I respectfully submit this Affirmation in response to the

Court's Order dated _____.  I should not barred, under 28 U.S.C. § 1651, from filing

future actions in this Court.  [Please explain.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that the Court not bar me from filing future actions under the terms of the Court's Order, dated _____.

DATED: _____, 20___

_____
Signature

_____
Address

_____
City, State & Zip Code

2